IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-831 |
| | ) |
| v. | ) Judge Conti |
| | ) Magistrate Judge Caiazza |
| WILLIAM SHOUPPE, et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Defendants' Motions to Dismiss (Docs. 17, 30 and 36) be granted.

**II. REPORT**

The Plaintiff, Anthony Smith ("Smith" or "the Plaintiff"), a state inmate confined at the Allegheny County Jail, located in Pittsburgh, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Smith alleges that certain named Defendants "organized an assault against [him]". Compl., Doc. 13, ¶ IV C. Although a purported victim, he alleges that he was charged with a crime; he was subsequently convicted and sentenced to five to ten years imprisonment. Id. He seeks to have "this matter resolved to the fullest extent of the law." Id., at ¶ VI.

All named Defendants have moved to dismiss Smith's claims.

B. **Analysis**

   1. <u>Heck v. Humphries</u>.

   Every allegation made by Smith in this case necessarily implicates the validity of his state court conviction. That said, the Plaintiff may not litigate the claims he alleges in his Complaint unless he receives a favorable state court ruling with respect to his conviction. Specifically, in order to raise the claims set out in his Complaint, Smith must allege and prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

   Like the plaintiff in <u>Heck</u>, Smith's seeks to prove that his conviction was improper and that he is thus entitled to relief. His claims are barred by <u>Heck</u> because they necessarily implicate the validity of a state court proceeding. Significantly, Smith has admittedly failed to obtain a favorable ruling from the state courts.  Therefore, all claims raised by the Plaintiff in this case are barred by <u>Heck</u>.

   2. <u>Judicial Immunity</u>

   Among others, Smith has included as Defendants the judge who presided over his state court trial –Defendant McBride, the

prosecutor – Defendant Tesla, and the public defender who represented Smith at trial –Defendant Braslawsce. The claims against these Defendants are premised upon the parts they each played during the state court criminal proceedings. For his part, Judge McBride is absolutely immune from a §1983 action. Mireles v. Waco, 502 U.S. 9, 11, (1991). Parenthetically, judicial immunity can only be overcome if a judge acts either outside the scope of her or his judicial capacity, or has acted in the "complete absence of all jurisdiction." Id. at 11-12. Here, the allegations in Smith's Complaint cannot be interpreted as alleging any extra-judicial act by Judge McBride, nor do his allegations show that Judge McBride acted outside the scope of his jurisdiction. The prosecutor and defense attorney, likewise, are immune for the respective parts they each played during the course of Smith's criminal proceedings. Imbler v. Pachtman, 424 U.S. 409 (1976)(prosecutorial immunity); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982)(public defender immune from § 1983 suit). Consequently, these three Defendants are immune from suit, even if Heck was not a complete bar to Smith's claims.

### III  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motions to Dismiss, Docs. 17, 30 and 36, be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 29, 2007.  Responses to objections are due by February 8, 2007.


January 12, 2007            _____
                            Francis X. Caiazza
                            United States Magistrate Judge

cc:  Anthony Smith, EY-9164
     SCI Dallas
     1000 Follies Road
     Dallas, PA 18612

     Counsel of record.